IN RE: A.S.D. a/k/a A.S.D.

**Appeal of: A.S.D. a/k/a A.S.D.**

**No. 3719 EDA 2016**

Superior Court of Pennsylvania.

Argued June 6, 2017.
Filed November 20, 2017

Elizabeth P. Weissert, Philadelphia, for appellant.

BEFORE: BENDER, P.J.E., BOWES, J., and SHOGAN, J.

OPINION BY BENDER, P.J.E.:

A.S.D. a/k/a A.S.D. appeals from the trial court's order, dated October 17, 2016, that denied her petition to change her

name. We vacate and remand for further proceedings.[1]

A.S.D. is a transgender person, who has lived as a female for more than six years. In her petition, she avers, in pertinent part, that:

5. There are no outstanding judgments against Petitioner.

6. On August 25, 2009, Petitioner was convicted of a third degree felony, Access Device Issued to Another Who Did Not Authorize Use. Pursuant to 54 [Pa. C.S.] § 702(c)(1), more than two years have elapsed from the completion of Petitioner's sentence, and she is not subject to probation or parole jurisdiction. Petitioner submits her fingerprints to be forwarded to the Pennsylvania State Police in compliance with 54 [Pa.C.S.] § 702(b)(1). . . .

7. Petitioner requests that her name be changed from [A.S.D.] to [A.S.D.] for the following reasons:

a. Petitioner has been using the name [A.S.D.] informally since 2009 and now wishes to legally change names,

b. Petitioner's appearance now is consistent with that of a female and Petitioner has been living as a female,

c. Continuing to present official identification with a male name creates confusing and difficult situations for Petitioner on a regular basis since Petitioner's appearance is now female and Petitioner has informally used a female name,

d. Petitioner believes this name change will lessen social stigma against Petitioner and that it will protect Petitioner from potential harassment and even violence.

A.S.D.'s Petition for Change of Name, 8/19/16, at 1–2 (unnumbered).

In her petition, A.S.D. also requested a waiver of publication and a sealing of the record. The court scheduled a hearing on the waiver issue; however, it appears that no hearing was held and no ruling was ever forthcoming on the waiver/sealing of the record request. Moreover, no objections to A.S.D.'s petition were filed and, most importantly, no hearing was held in regard to the petition itself. Subsequently, the court's order denying A.S.D.'s petition was issued. Although the court recognized that A.S.D. had satisfied the requirements of 54 Pa.C.S. § 702(c)(1), it indicated that the denial was due to the serious circumstances of A.S.D.'s criminal record. *See* Trial Court Opinion, 1/27/17, at 3. The order also provided that A.S.D. could refile for a name change in twelve months.

As noted previously in footnote 1, A.S.D. filed this timely appeal,[2] and now raises the following issues for our review:

1. Did the trial court abuse its discretion by denying [A.S.D.'s] petition for change of name without sufficient evidence, where the evidence in the record shows that [A.S.D.] met all of the statutory requirements for a change of name

---

1. In its Pa.R.A.P. 1925(a) opinion, the trial court indicated that A.S.D.'s notice of appeal was untimely filed. We disagree, noting that Pa.R.A.P. 108(2)(b) provides that "[t]he date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa. R.Civ.P. 236(b)." A review of the lower court's docket in this matter shows that notice of the entry of the trial court's order was sent on October 23, 2016, and that the appeal was filed on November 22, 2016. Therefore, we conclude that A.S.D.'s appeal was timely.

2. No Pa.R.A.P. 1925(b) statement of errors complained of on appeal was requested by the trial court, nor was such a statement filed by A.S.D.

and that [A.S.D.], a transgender woman, was seeking to change her name to one consistent with her female identity and appearance rather than to avoid financial obligations or for any other improper purpose?

2. Did the trial court abuse its discretion by denying [A.S.D.'s] petition and by mandating an additional twelve-month waiting period upon [A.S.D.] not required by statute, where [A.S.D.] had satisfied all statutory requirements and, further, was not restricted by statute from changing her name because she filed her petition more than two years after the completion of her criminal sentence, as provided for in 54 Pa.C.S. § 702(c)(1)(i)?

3. Did the trial court abuse its discretion by failing to exercise that discretion in a manner comporting with good sense, common decency and fairness to all concerned by denying [A.S.D.'s] petition for a change of name when granting it would enable her to obtain legal identification documents consistent with her appearance and long-held identity, thereby reducing social stigma and risks to her safety of harassment, threats of violence, and discrimination?

A.S.D.'s brief at 3–4.

 To begin, we set forth the standards that guide our review of this case. Our Supreme Court has instructed that the established standard of review for cases involving petitions for change of name is whether or not there was an abuse of discretion. *In Re Zachary Thomas Andrew Grimes*, 530 Pa. 388, 390 n.1, 609 A.2d 158, 159 n.1 (1992) (citing *Petition of Falcucci*, 355 Pa. [588,] 591, 50 A.2d [200,] 202 [ (1947) ] ). That Court has also provided us with an understanding of what constitutes an abuse of discretion, as follows:

An abuse of discretion exists when the trial court has rendered a judgment that is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias, or ill will. A finding by an appellate court that it would have reached a different result than the trial court does not constitute a finding of an abuse of discretion. Where the record adequately supports the trial court's reasons and factual basis, the court did not abuse its discretion.

*Harman v. Borah*, 562 Pa. 455, 469, 756 A.2d 1116, 1123 (2000) (citing *Coker v. S.M. Flickinger Co., Inc.*, 533 Pa. 441, 447, 625 A.2d 1181, 1184–85 (1993) and *Morrison v. Commonwealth, Dept. of Public Welfare*, 538 Pa. 122, 133, 646 A.2d 565, 571 (1994)). On matters involving petitions for a change of name, the Supreme Court has often cited the guiding principle first enunciated in *Falcucci*, where it declared:

Whenever a court has discretion in any matter (as it has in the matter of a change of name) it will exercise that discretion in such a way as to comport with good sense, common decency, and fairness to all concerned and to the public.

*Petition of Falcucci*, 355 Pa. at 592, 50 A.2d at 202, (cited and restated in *In the Matter of Robert Henry McIntyre (In Re McIntyre)*, 552 Pa. 324, 328, 715 A.2d 400, 402 (1998); *Grimes*, 530 Pa. at 392, 609 A.2d at 160).

*In re Miller*, 824 A.2d 1207, 1210 (Pa. Super. 2003). Additionally, "our scope of review is limited to the question of whether the evidence is sufficient to support the decision reached by the hearing court." *Id.*

As noted above, the trial court denied A.S.D.'s petition under section 702(c) "Convicted felons," which provides:

(1) The court may order a change of name for a person convicted of a felony, subject to provisions of paragraph (2), if:

(i) at least two calendar years have elapsed from the date of completion of a person's sentence and that person is not subject to the probation or parole jurisdiction of any court, county probation agency or the Pennsylvania Board of Probation and Parole; or

(ii) the person has been pardoned.

(2) The court may not order a change of name for a person convicted of murder, voluntary manslaughter, rape, criminal conspiracy or criminal solicitation to commit any of the offenses listed above or an equivalent crime under the laws of this Commonwealth in effect at the time of the commission of that offense or an equivalent crime in another jurisdiction.

54 Pa.C.S. § 702(c)(1)-(2).

Our review of the record in this case reveals that A.S.D.'s petition asserts that she has complied with the requirements listed in section 702(c), and the trial court acknowledges this fact. However, since no hearing was held we are compelled to vacate the order appealed from pursuant to the dictates of *In re Harris*, 707 A.2d 225 (Pa. Super. 1997). The *Harris* Court, as in the instant case, was considering the trial court's denial of a name change petition filed by a transgender person. Specially, this Court's opinion directed that:

Preliminarily, we note that our Supreme Court long ago articulated the general standard to be applied to petitions requesting name changes. **After determining that the petitioner has complied with the necessary statutory prerequisites, the court must hold a hearing after which the court may, at its discretion, grant or deny the petition.** In making its determination, the court must act in such a way as to "comport with good sense, common decency and fairness to all concerned and to the public." *Petition of Falcucci*, 355 Pa. [at] 592, 50 A.2d [at] 202 [ ].

*Id.* at 227 (emphasis added).

Because no hearing was held, we must vacate the order denying A.S.D.'s petition and remand the matter for proceedings as directed by the *Harris* case.[3]

Order vacated. Case remanded for proceeding consistent with this opinion. Jurisdiction relinquished.

Judge Shogan joins this opinion.

Judge Bowes files a concurring opinion.

CONCURRING OPINION BY
BOWES, J.:

I concur with the majority that, although A.S.D.'s petition complies with the requirements listed in 54 Pa.C.S. § 702, our High Court's holding in *Petition of Falcucci*, 355 Pa. 588, 50 A.2d 200 (1947), and our decision in *In re Harris*, 707 A.2d 225 (Pa.Super. 1997), which require a hearing pursuant to 54 Pa.C.S. § 701(a.1)(3) in all circumstances, necessitate a remand for a hearing.[1] However, I write further to

---

3. We also note that by the time this decision is handed down, almost one year has elapsed since the original denial was issued.

1. Section 701 of the Judicial Name Change statute reads, in relevant part:

(a) General rule.—Except as set forth in subsection (b) [relating to information name changes], it shall be unlawful for any person to assume a name different from the name by which such person is and has been known, unless such changes in name is made pursuant to proceedings in court in accordance with subsection (a.1).

(a.1) Procedure.—

. . . .

(3) Upon filing of the petition, the court shall do all of the following:

emphasize that A.S.D.'s compliance with the technical requirements of the Judicial Change of Name statute, and the evidence proffered by objectors to the petition, should be the sole considerations utilized by the trial court when ruling on a name change petition.[2] In this regard, I am of like mind with Judge Popovich's concurring statement in *In re Harris, supra.*

In enunciating his position, Judge Popovich highlighted the rationale underlying the change of name statute, noting that the primary purpose

> is to prohibit fraud by those trying to avoid financial obligations. This intent is reflected in the penalty provision of the statute, which applies only to 'person[s] violating the provision of this chapter for the purpose of avoiding payment of taxes or other debts.'

*Id.* at 229 (Popovich, J., concurring) (citing *Commonwealth v. Goodman*, 544 Pa. 339, 676 A.2d 234, 236 (1996)). He observed that the statute is purely procedural, and absent an indication of fraudulent intent, "[t]his is where the inquiry ends." *Id.* at 229. Judge Popovich took exception to cases, such as this, where a transgender person filed an unopposed petition to validate a name change where that person had

been living under an assumed name which matched that person's gender identity for an extended period of time. He argued that such petitions should be granted without "probing into [the petitioner's] sex or his desire to express himself in the manner of his choosing." *Id.*

I believe that the hearing required by 54 Pa.C.S. § 701(a.1)(3) is intended to provide a forum for individuals or creditors to oppose a proposed name change based on suspected fraudulent purposes or other nefarious intent. *In re Miller*, 824 A.2d 1207, 1210–1211 (Pa.Super. 2003) (stating "the necessity for judicial involvement in name change cases centers on government concerns that persons not alter their identity to avoid financial obligations.") (brackets and citation omitted). Hence, any hearing held pursuant to the Judicial Change of Name statute should focus only upon evidence relating to these concerns and the requirements enunciated in § 702. I fear that any reason utilized outside the dictates of the statute to deny a petition raises the specter of pretext and constitutes an abuse of discretion.

Moreover, our High Court has long-held that the statute should be construed lib-

---

> (i) Set a date for a hearing on the petition. The hearing shall not be held less than one month nor more than three months after the petition is filed.

54 Pa.C.S. § 701 (a) and (a.1)(3).

**2.** Section 702 sets forth the procedural requirements of the Judicial Change of Name statute, in pertinent part, as follows:

(a) General rule.—The court of common pleas of any county may by order change the name of any person resident in the county.

(b) Procedure.—Prior to entry of an order of approval of change of name, all of the following shall apply:

 (1) The court must forward to the Pennsylvania State Police a duplicate copy of the application for change of name and a set of the person's fingerprints.

> The person applying for the change of name is responsible for costs under this paragraph.
>
> . . . .

(c) Convicted felons.—

 (1) The court may order a change of name for a person convicted of a felony, subject to the provisions of paragraph (2), if:

 (i) at least two calendar years have elapsed from the date of completion of a person's sentence and that person is not subject to the probation or parole jurisdiction of any court, county probation agency or the Pennsylvania Board of Probation and Parole; or

 (ii) the person has been pardoned.

54 Pa.C.S. § 702.

erally, and that a trial court should exercise its discretion "in such a way as to comport with good sense, common decency and fairness to all concerned and to the public." *In re Zachary Thomas Andrew Grimes*, 530 Pa. 388, 609 A.2d 158, 160 (1992) (quoting *Falcucci, supra* ). Here, based on the compelling nature of Appellant's request, and in light of her compliance with the statute, equity and fairness militate in favor of granting her petition in order to align her name with her identity. Simply, the additional hurdles imposed by the trial court did not work to effectuate a liberal construction of the statute or promote fairness in the proceedings.

Finally, in rendering its ruling, the trial court determined that, notwithstanding Appellant's satisfaction of the statute's requirements, it nevertheless retained discretion to deny her position. The trial court noted that the statute "**may** order a change of name for a person convicted of a felony [ . . . ] if at least two calendar years have elapsed from the date of completion of a person's sentence and that person is not subject to the probation or parole of any court, county probation agency or the Pennsylvania Board of Probation and Parole." Trial Court Opinion, 1/27/17, at 3 (emphasis in original) (citing 54 Pa.C.S. § 702(c)(1)(i)).

However, in that same section, the statute states, "The court **may not** order a change of name for a person convicted of," any one of a list of enumerated offenses. 54 Pa.C.S. § 702(c)(2) (emphasis added). In light of the seriousness of those offenses (including murder, voluntary manslaughter, and rape), I believe that the legislature did not intend for the court to exercise discretion with regard to name change petitions filed by individuals convicted of those offenses. That is, the phrase "may not" functions as a "shall not" for the purposes of the statute. This line of

reasoning supports the conclusion that the term "may" operates as a mandatory, as opposed to a discretionary, mechanism within the confines of the Judicial Change of Name statute. *See A. Scott Enterprises, Inc. City of Allentown*, 636 Pa. 249, 142 A.3d 779, 787 (2016) (noting that " 'may' can mean the same as 'shall' where a statute directs the doing of a thing for the sake of justice," but holding that the statute's plain language indicated it was used permissively in that case). In addition, interpreting the statute as requiring a court to grant a change of name petition, where its technical requirements are met and there is no evidence of fraudulent intent, comports with a liberal application of the act.

In summary, the statute provides the mechanism by which an individual formerly convicted of a non-serious offense may apply for a name change. It requires such an individual to wait two years following the completion of her sentence before applying for a change of name. Appellant, herein, fulfilled the dictates of the statute in this regard. The statute does not delineate a further waiting period, such as the one-year interval ordered by the court, before considering the name change application. Since this timeframe is not found in the statute, I believe it reflects an abuse of discretion and was fundamentally unfair to impose on Appellant.

Thus, as in the case herein, where a transgender petitioner files an unopposed name change petition, which comports with the requirements of § 702, I believe the petition should be granted if, upon holding the hearing, the court finds no indication that the name change is being sought for fraudulent purposes.